IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darrell Bauguess et al. ) | |
| Plaintiffs, ) | Case No.: 1:06CV01424/ EGS |
| v. ) | |
| Kent S. Foster et al. ) | |
| Defendants. ) | |

## MOTION TO REMAND

Plaintiffs Darrell Bauguess and Peter Lewis hereby move this Court to remand the above-captioned matter to the Superior Court for the District of Columbia because this Court lacks subject matter jurisdiction and for their motion state:

On July 10, 2006, Plaintiffs filed a lawsuit in the Superior Court of the District of Columbia against resident Defendant Kent S. Foster, alleging breach of contract, and against non-resident Defendants Lone Star Wireless, Inc. and American Cellular Corporation, alleging tortious interference with contract. Non-resident Defendants Lone Star and American Cellular filed a Notice of Removal on August 11, 2006 before service on Defendant Foster could be effectuated because Foster is evading service. Federal courts adhere to the rule that the citizenship of an unserved defendant cannot be ignored in determining removal. A federal court ascertains its original jurisdiction from the face of the complaint. The face of the complaint Plaintiffs filed in Superior Court of the District of Columbia evidences a lack of complete diversity of citizenship between Plaintiffs and Defendants because of Foster's citizenship in the District of Columbia. Defendants have not carried their burden of proving complete diversity. Defendants have

not offered any proof that Defendant Foster is not a citizen of the District of Columbia nor has Defendant Foster joined in the motion or offered any proof of his lack of citizenship in the District of Columbia. Because diversity is lacking, this Court lacks subject matter jurisdiction.

WHEREFORE, for the reasons set forth herein and more fully in the attached Memorandum of Points and Authorities in Support hereof, Plaintiffs respectfully request that the above-captioned matter be remanded to the Superior Court of the District of Columbia where the case commenced.

                                        Respectfully submitted,

                                        */s/ Greenberg*

                                        William H. Crispin (D.C. Bar No. 363770)
                                        Lauren A. Greenberg (D.C. Bar No. 466846)
                                        CRISPIN & ASSOCIATES, PLLC
                                        555 13th Street, N.W., Suite 420W
                                        Washington, D.C. 20004
                                        (202) 828-0152 – phone
                                        (202) 828-0155 – facsimile
                                        wcrispin@crispinlaw.com - e-mail

August 16, 2006                         Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Remand and Memorandum of Points and Authorities was served via first-class mail postage prepaid this 16th day of August 2006 on:

> Kent S. Foster
> 2801 McGill Terrace N.W.
> Washington, D.C. 20008
>
> Barry H. Gottfried
> Pillsbury Winthrop Shaw Pittman LLP
> 2300 N Street, N.W.
> Washington, D.C. 20037-1122
> Attorney for Lone Star Wireless, Inc.
>
> Alan R. Dial, Esq.
> King & Spalding LLP
> 1700 Pennsylvania Avenue, NW
> Washington, DC 20006-4706
> Attorney for American Cellular Corporation

_/s/ Lauren A. Greenberg_
Lauren A. Greenberg

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Darrell Bauguess et al. )<br>)<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>Kent S. Foster et al. )<br>)<br>        Defendants. ) | Case No.: 1:06CV01424/ EGS |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO REMAND**

Plaintiffs Darrell Bauguess and Peter Lewis hereby submit a Memorandum of Points and Authorities In Support of their Motion to Remand based on lack of subject matter jurisdiction and state as follows:

**BACKGROUND**

On July 10, 2006, Plaintiffs filed a lawsuit in the Superior Court of the District of Columbia against defendant Kent S. Foster for breach of a settlement agreement dated May 9, 1995 and against Defendants American Cellular Corporation and Lone Star Wireless, Inc., a company wholly-owned by Foster, for tortiously interfering with the settlement agreement. See Bauguess et al. v. Foster et al., C.A. No. 005228-06 (a copy of which is attached to the Notice of Removal). The settlement agreement was entered into between Plaintiffs and Foster on the eve of trial in a breach of contract action Plaintiffs brought against Foster in Superior Court of the District of Columbia in 1992 styled Lewis Telecom Inc. et al. v. Foster, Civil Action No. 92-CA-16295.[1]

---

[1] There is a case related to the instant case pending in Superior Court of the District of Columbia filed by the lawyers who represented Foster eleven years ago in the Lewis Telecom litigation that resulted in the settlement

Pursuant to the settlement agreement, Foster was required to pay Plaintiffs $1.1 million plus interest at the closing on the transfer of his license to a certain cellular system he owed. Eleven years later, on or about June 28, 2006, Foster, through his wholly-owned company Lone Star, transferred that license to American Cellular for approximately $25 million. Foster failed to pay Plaintiffs at the closing as promised. Defendants Lone Star and American Cellular promised Plaintiffs that they would place the monies due them under the settlement agreement into escrow in order to secure Plaintiffs' agreement not to seek injunctive relief. After securing Plaintiffs' agreement, Defendants Lone Star and American Cellular breached their promise. Defendants Lone Star and American Cellular knew of the terms of the settlement agreement prior to the closing and nevertheless tortiously interfered with the settlement agreement by preventing Foster's performance under it.

## LACK OF FEDERAL JURISDICTION

Defendant Kent S. Foster is a citizen of the District of Columbia and resides at 2801 McGill Terrace NW, Washington, DC 20008. See Real Property Tax Records at Exhibit A attached hereto. Defendant Foster is evading service. He has not yet been served with the summons and complaint. Defendant Lone Star is a Texas Corporation that has its principal place of business in Kerrville, Texas. Defendant Lone Star was served with the summons and complaint on July 26, 2006. Defendant American Cellular is a Delaware Corporation that has its principal place of business in Oklahoma City, Oklahoma. Defendant America Cellular was served with the summons and complaint on July 12, 2006.

On August 10, 2006, Defendants Lone Star and American Cellular filed a Notice of Removal based on diversity jurisdiction. Defendant Foster did not join in the Notice.

---

agreement. Foster's former counsel have sued Foster, Lone Star and American Cellular, and their counsel, for failure to pay their attorneys' fees that were also due and promised at closing. See Stein Mitchell & Mezines, LLP v. Foster et al., CA No. 06-006084.

## LAW AND DISCUSSION

This lawsuit is a collection action. Plaintiffs seek to recover approximately $2 million pursuant to the terms of a settlement agreement they entered into with Defendant Foster eleven years ago to resolve a lawsuit filed in the Superior Court of the District of Columbia. The court does not have federal question jurisdiction pursuant to 28 U.S.C. §1331 nor do Defendants assert jurisdiction based on federal question. Defendants assert jurisdiction based on diversity of citizenship but fail to establish complete diversity because Defendant Foster is a citizen of the District of Columbia.

"Any civil action brought in a State court of which the district courts of the Untied States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). The defendants must unanimously consent to removal. See Williams v. Howard Univ., 984 F.Supp. 27, 30 (D.D.C. 1997).

A federal court has original jurisdiction over an action if there is diversity of citizenship. The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). For diversity purposes, an individual is a citizen of the State in which he is domiciled. Mays v. Meeks, 2006 U.S. Dist. LEXIS 16295 *10-12 (D.D.C. 2006) (attached hereto at Exhibit B).

If the federal courts have original jurisdiction over the case brought in state court, then an action is removable to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). The majority view among federal courts interpreting this provision is that "[d]espite

the 'joined and served' provision of section 1441(b), the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 and n.4 (8th Cir. 1981). See also, Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983) (original jurisdiction of federal court "must be ascertained from the face of the complaint.") and Oxendine v. Merck & Co., 236 F.Supp.2d 517, 524-25 (D. Md. 2002) (following majority view). The Eighth Circuit explained the rationale for the majority view in Pecherski:

> Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought. In light of this purpose, we decline to read section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement set forth in [Pullman Co. v. Jenkins, 305 U.S. 534, 539-41 (1939)] that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service.

Pecherski, 636 F.2d at 1160-61 (internal citations omitted).[2] Thus, diversity of citizenship is determined based on the face of the Complaint and not service of the defendants.[3]

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" Johnson-Brown v. 2200 M Street LLC, 257 F.Supp.2d 175, 177 (D.D.C. 2003). Defendants have the burden of proving jurisdiction for removal, and if they

---

[2] Counsel could not find an opinion from this jurisdiction that decided the issue whether the citizenship of an unserved resident defendant is ignored in evaluating diversity of citizenship. The only case cited by Defendants for the proposition that Foster, an unserved defendant, should not be considered in evaluating this Court's jurisdiction on removal, Kopff v. World Research Group, LLC, 298 F.Supp.2d 50 (D.D.C. 2003), did not decide this issue. The issue in Kopff was whether the failure of unanimous consent to removal was a defect in removal and therefore required a remand. This Court held that a defendant's failure to consent to removal is excused when he has not been served, and therefore his "absence" from the notice does not provide a basis for remand. The opinion was silent as to the citizenship of the unserved defendants.

[3] Indeed, this rule has been adopted as the majority view because federal courts feared a proliferation of needless litigation regarding removal if a first served non-resident defendant could rush to the courthouse to remove the matter before any other defendants had been served because diversity of citizenship would exist at that moment of filing the removal notice. See Pecherski, 636 F.2d at 1161 n.6.

cannot satisfy their burden, the court must remand the case. Id. The removal statute is to be strictly construed, and any doubts are resolved in favor of remand. Id.

Defendants have not carried their burden of proving diversity of citizenship because Foster, a named defendant, is a citizen of the District of Columbia. Defendants baldly assert that "Notwithstanding his description in the Complaint as a resident of the District of Columbia, defendant Kent S. Foster is a resident of the State of Texas." Notice of Removal at 2. However, Defendants do not offer any proof to rebut Foster's citizenship in the District of Columbia nor do they identify the address of Foster's alleged residence in the State of Texas. Defendant Foster has not bothered to join in the motion to offer evidence either. An unsubstantiated assertion made by third-parties claiming that a co-defendant is not a citizen of the District of Columbia hardly satisfies Defendants' burden of proof to overcome the strong presumption against removal, especially in the face of evidence that Foster is a citizen of the District of Columbia.

Defendants next state that regardless of Defendant Foster's "residence," because "defendant Foster has not been served, he need not join in this petition for removal." Notice of Removal at 2. Defendant Foster's joinder in the notice of removal is irrelevant for purposes of determining this Court's jurisdiction. Foster may be excused from the requirement that he provide his consent to a notice of removal because he has not yet been served, Williams, 989 F.Supp. at 30 n.5, but his citizenship may not be ignored in evaluating diversity of citizenship for removal purposes. Because Foster is a named Defendant in this action, his citizenship in the District of Columbia destroys complete diversity. Consequently, this Court lacks subject matter jurisdiction over this matter.

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that their Motion to Remand be granted for lack of subject matter jurisdiction and that the above-captioned

matter be remanded to the Superior Court of the District of Columbia where the case commenced.

                    Respectfully submitted,

                    */s/ Greenberg*
                    William H. Crispin (D.C. Bar No. 363770)
                    Lauren A. Greenberg (D.C. Bar No. 466846)
                    CRISPIN & ASSOCIATES, PLLC
                    555 13th Street, N.W., Suite 420W
                    Washington, D.C. 20004
                    (202) 828-0152 – phone
                    (202) 828-0155 – facsimile

August 16, 2006              Attorneys for Plaintiffs

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Darrell Bauguess et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:06CV01424/ EGS |
| | ) | |
| v. | ) | |
| | ) | |
| Kent S. Foster et al. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Upon consideration of Defendants Notice of Removal, Plaintiffs Motion to Remand, and any opposition and reply thereto, on this _____ day of _____, 2006:

IT IS HEREBY ORDERED that Plaintiffs Motion to Remand is GRANTED; and it is

FURTHER ORDERED that the above-captioned matter be remanded to the Superior Court for the District of Columbia because there is not complete diversity of citizenship between plaintiffs and the defendants. Therefore, this Court lacks subject matter jurisdiction over this matter.

IT IS SO ORDERED.

_____
U.S. District Court Judge