**EXHIBIT B**

5 of 37 DOCUMENTS

**ROBERT MAYS, Plaintiff, v. W. EDWARD MEEKS, JR., Defendant.**

Civil Action No. 05-2116 (CKK)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2006 U.S. Dist. LEXIS 16295

April 5, 2006, Decided

**PRIOR HISTORY:** *Mays v. Meeks, 2006 U.S. Dist. LEXIS 17515 (D.D.C., Jan. 4, 2006)*

**COUNSEL:** [*1] ROBERT MAYS, Plaintiff, Pro se, Smithville, GA.

W. EDWARD MEEKS, Defendant, Pro se, Albany, GA.

ROBERT MAYS, Counter Defendant, Pro se, Smithville, GA.

**JUDGES:** COLLEEN KOLLAR-KOTELLY, United States District Judge.

**OPINIONBY:** COLLEEN KOLLAR-KOTELLY

**OPINION: MEMORANDUM OPINION**

*Pro Se* Plaintiff Robert Mays brings this action for defamation pursuant to common law against Defendant W. Edward Meeks, Jr. Currently before the Court is Defendant's Motion to Dismiss, which contends that this Court lacks both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Upon an examination of Defendant's motion, Plaintiff's Opposition, and the entire record herein, the Court shall grant Defendant's Motion to Dismiss.

**I : BACKGROUND**

Plaintiff, proceeding *pro se* in this case, filed his handwritten, two-page Complaint in this action on October 28, 2005, contending that Defendant slandered him in an ongoing civil suit in the Superior Court of Lee County, Georgia. Specifically, Plaintiff contends that "at a hearing held in Perry, Georgia on November 22, 2004, the defendant falsely accused the Plaintiff of writing Susie M. Mays['] will by stating, 'Robert [*2] Mays who was a party to this action wrote the will.'" *See* Compl. at 1. Plaintiff asserts that the "statement is false and defamatory. Also that statement caused much damage." *Id.* at 2. As such, Plaintiff requests "judgment against the defendant in the amount of two million dollars ($ 2,000,000.00)." *Id.*

Following service of Plaintiff's Complaint, Defendant W. Edward Meeks, Jr., an attorney, filed both an Answer and Counterclaim of Defendant and a Motion to Dismiss on November 30, 2005. As his Third Defense asserted in his Answer and the basis for his Motion to Dismiss, Defendant contends that this Court lacks both personal and subject matter jurisdiction. *See* Answer at 1 (Third Defense - Lack of Jurisdiction); Def.'s Mot. to Dismiss at 1. In support of his motion, Defendant emphasizes that Plaintiff Robert Mays is "a resident of Smithville, Georgia located in Lee County[,] Georgia," while Defendant "is also a resident of Lee County, Georgia." *See* Def.'s Mot. to Dismiss at 1. Moreover, Defendant stresses that alleged commission of the tortious injury to Plaintiff occurred solely within the confines of Lee County, Georgia, ensuring that no party has any contact [*3] whatsoever with the District of Columbia. *Id.*

Plaintiff filed a "Motion to Deny Defendant's Motion to Dismiss" on December 14, 2005, which essentially requested the appointment of counsel in this matter and declared "the Defendant's action in this matter caused injury. Also, I was a victim of malpractice." *See* Pl.'s Mot. to Deny Def.'s Mot. to Dismiss at 1. Pursuant to an Order by this Court dated January 4, 2006, the Court denied Plaintiff's request for counsel, given that (1) "generally, plaintiffs in civil cases do not have a constitutional or statutory right to counsel," *Doyle v. Dist. of Columbia, 1997 U.S. Dist. LEXIS 15019, Civ. No. 96-2268 (RMU), 1997 WL 590799, at *1 (D.D.C. Sept. 12, 1997)* (citing *Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Peterson v. Nadler, 452 F.2d 754, 757 (8th Cir. 1971))*; and (2) Plaintiff could not demonstrate the "exceptional circumstances" required for appointment under *28 U.S.C. § 1915(d)*. *See Mays v. Meeks, 2006 U.S. Dist. LEXIS 17515, Civ. No. 05-2116(CKK) (D.D.C. Jan. 4, 2006)* (order denying Pl.'s mot. for counsel). Finding Plaintiff's initial "Opposition" to be inadequate, the Court granted Plaintiff [*4] additional time to file a

Supplemental Opposition to Defendant's Motion to Dismiss.

In a document entitled Plaintiff's "Response to Order Dated January 4, 2006," Plaintiff advised the Court that he was unable to find an attorney, but had decided to proceed in this matter *pro se*. In this document (hereinafter, "Supplemental Opposition"), Plaintiff does not contest the fact that both he and Defendant are residents of Georgia, nor does he contest Defendant's contention that the entirety of the events leading up to the injury alleged occurred within the confines of the State of Georgia. *See* Pl.'s Suppl. Opp'n at 1. However, Plaintiff appears to change the basis for his action in ways that are difficult to understand, contending that:

> It is alleged that a president made a false statement and was fined $ 90,000.00 plus he cannot practice law in the state of Arkansas.
>
> Is the defendant above the law?

*Id*. It appears that Plaintiff is suggesting that because former President William Jefferson Clinton was reprimanded for his actions in the Paula Jones matter by the Arkansas State Bar Association, then Defendant should be similarly reprimanded as a member [*5] of the Georgia State Bar Association for his alleged defamation in this case. Offering no new facts or argument in opposition, however, Plaintiff concludes by demanding "judgment against the defendant in the amount of five hundred thousand ($ 500,000.00)" - an unexplained reduction of $ 1.5 million from the amount requested in his Complaint.

## II: LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to *Rule 12(b)(1)*. In general, a motion to dismiss under *Federal Rule of Civil Procedure 12(b)* should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commun. Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994)* (citing *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*). A court may appropriately dispose of a case under *12(b)(1)* for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by [*6] undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta, 357 U.S. App. D.C. 72, 333 F.3d 193, 198 (D.C. Cir. 2003)* (citations omitted); *see also Artis v. Greenspan, 223 F. Supp. 2d 149, 152 n.1 (D.D.C. 2002)* ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999)* ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia, 177 F.3d 507, 515 (6th Cir. 1999)*). At the stage in litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *EEOC v. St. Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997)*. In spite [*7] of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *American Farm Bureau v. United States EPA, 121 F. Supp. 2d 84, 90 (D.D.C. 2000)*.

### B. Federal Rule of Civil Procedure 12(b)(2)

Under *Federal Rule of Civil Procedure 12(b)(2)*, a plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendant(s). *See Crane v. N.Y. Zoological Soc'y, 282 U.S. App. D.C. 295, 894 F.2d 454, 456 (D.C. Cir. 1990)*. As such, the plaintiff must allege specific acts connecting the defendant(s) with the forum. *See Second Amendment Found. v. U.S. Conference of Mayors, 348 U.S. App. D.C. 238, 274 F.3d 521, 524 (D.C. Cir. 2001)*. In contrast to its analysis under *Rule 12(b)(6)*, the Court need not treat all of the plaintiff's allegations as true when determining whether personal jurisdiction exists over the defendant(s). Instead, the Court "may receive and weigh affidavits and other relevant matter to assist it in determining [*8] the jurisdictional facts." *United States v. Philip Morris, Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)* (citation omitted). However, the Court should resolve any factual discrepancies with regard to the existence of personal jurisdiction in favor of the plaintiff. *See Crane, 894 F.2d at 456*.

## III: DISCUSSION

The Court shall begin its discussion of Defendant's Motion to Dismiss by first analyzing whether it has subject matter jurisdiction over this dispute, and then examining whether it may exercise personal jurisdiction over Defendant, a non-resident of the District of Columbia.

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant

of power contained in either the United States Constitution or in an act of Congress. *See Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987)* (citing *City of Kenosha v. Bruno, 412 U.S. 507, 511, 93 S. Ct. 2222, 37 L. Ed. 2d 109 (1973)*). In a purely private suit, a plaintiff may generally establish subject matter jurisdiction before a United States District Court by looking to either [*9] *28 U.S.C. § 1331* (federal question jurisdiction) or *28 U.S.C. § 1332* (diversity jurisdiction).

Here, Plaintiff's action for defamation arises out of common law. *See, e.g., Washburn v. Lavoie, 437 F.3d 84, 89-90 (D.C. Cir. 2006); Heard v. Johnson, 810 A.2d 871, 883 (D.C. 2001).* As such, Plaintiff cannot turn to *28 U.S.C. § 1331* ("Federal Question") in order to establish subject matter jurisdiction in this case. *See id.* ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Instead, Plaintiff must rely on *28 U.S.C. § 1332* as the jurisdictional basis for his suit before this Court.

*28 U.S.C. § 1332(a)* provides:

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens [*10] of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or different States.

*See 28 U.S.C. § 1332(a) (2000).*

The Supreme Court has held that for a case to come within the diversity statute, there must be complete diversity. *See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).* Accordingly, when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal. *See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806).* Diversity of citizenship is assessed at the time the suit is filed. *See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428-29, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991).* For the purposes of diversity jurisdiction, it is well-settled that citizenship is substantially synonymous with domicile. *See Gilbert v. David, 235 U.S. 561, 568, 35 S. Ct. 164, 59 L. Ed. 360 (1915);* [*11] *Williamson v. Osenton, 232 U.S. 619, 624, 34 S. Ct. 442, 58 L. Ed. 758 (1914); see also Prakash v. Am. Univ., 234 U.S. App. D.C. 75, 727 F.2d 1174, 1180 (D.C. Cir. 1984).* A party's domicile is determined by two factors: (1) physical presence in the jurisdiction, and (2) an intent to remain there for an unspecified or indefinite period of time. *See Prakash, 727 F.2d at 1180; see also Anwo v. Immigration & Naturalization Service, 197 U.S. App. D.C. 121, 607 F.2d 435, 437-38 (D.C. Cir. 1979)* (noting that domicile is established when a person intended to remain in that place for an unspecified or indefinite period of time).

In this case, regardless of whether the Court uses the figure demanded in Plaintiff's original Complaint ($ 2,000,000.00) or the amount requested in Plaintiff's Supplemental Opposition ($ 500,000.00), it is clear that Plaintiff has met the $ 75,000.00 minimum requirement for diversity purposes. However, Plaintiff is ultimately unable to establish the most important prong under *28 U.S.C. § 1332* - actual diversity of citizenship. Here, Defendant asserts, and Plaintiff does not contest, that both Plaintiff and Defendant are citizens [*12] of the State of Georgia, where they have resided and continue to reside. *See Def.'s Mot. to Dismiss at 1.* Given that Plaintiff cannot establish complete diversity of citizenship, this Court - as a United States federal court - lacks subject matter jurisdiction over this dispute. When a court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the court finds that complete diversity does not exist, the court must dismiss the suit. *See Fox v. Bd. of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994).* Accordingly, to the extent that Defendant's Motion to Dismiss is based on a lack of subject matter jurisdiction and brought pursuant to *Federal Rule of Civil Procedure 12(b)(1)*, the Court shall grant Defendant's motion and dismiss Plaintiff's suit.

*B. Personal Jurisdiction*

Even assuming *arguendo* that a federal court could have subject matter jurisdiction over this dispute, this Court would still not have jurisdiction over this suit because this Court lacks personal jurisdiction over Defendant W. Edward Meeks, Jr. Personal jurisdiction within the District of Columbia may be [*13] established under two different provisions: (1) general jurisdiction under *D.C. Code § 13-334(a) (2001);* and (2) specific jurisdiction under *D.C. Code § 13-423 (2001).* Upon a review of Plaintiff's Complaint and the uncontested factual assertions present in Defendant's Motion to Dismiss, the

Court determines that it lacks personal jurisdiction over Defendant.

The general jurisdictional provision for the District of Columbia is found at Section 13-334(a) of the District of Columbia Code, which states:

> In an action against a foreign corporation doing business in the District [of Columbia], process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, by leaving a copy at the place of business or residence or the agent in the District, and that service is effectual to bring the corporation before the court.

See D.C. Code § 13-334(a) (2001). This provision authorizes courts in this jurisdiction to "exercise 'general jurisdiction' [*14] over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is 'doing business' in the District." Gorman v. Ameritrade Holding Corp., 352 U.S. App. D.C. 229, 293 F.3d 506, 509 (D.C. Cir. 2002). The "doing business" test of this statutory provision was found by the D.C. Circuit to be both coextensive with the due process requirements of the Constitution and "requires an examination of the frequency and volume of the [defendants'] transactions with District [of Columbia] residents." Id. at 513. Therefore, this Court may exercise general jurisdiction over a foreign corporation whose contacts with the District of Columbia are so continuous and systematic that it could foresee being haled into a court in the District of Columbia. Id. at 509. However, given the fact that Defendant is a non-resident individual sued in his personal capacity, Section 13-334(a) is arguably inapplicable to him. Moreover, given the fact that Plaintiff has not alleged or established that Defendant conducts business within the District of Columbia, Section 13-334(a) clearly provides no basis for this Court to assert jurisdiction [*15] over Defendant.

Authorization for exercising specific jurisdiction over a defendant in this jurisdiction is found at D.C. Code § 13-423, which has been held to be "coextensive in reach with the personal jurisdiction allowed by the due process clause of the United States Constitution ...." Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 329 (D.C. 2000). Section 13-423 provides, in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> ************
>
> (b) [*16] When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

See D.C. Code § 13-423 (2001).

Here, Plaintiff's Complaint does not allege, nor does Plaintiff later offer any evidence suggesting, that he can establish any of these criteria against Defendant. Indeed, Plaintiff does not allege, nor does he offer any evidence suggesting, that Defendant has transacted business within the District of Columbia, contracted to supply services within the District, or even visited the District. Rather, based upon all evidence before it, this civil suit is a dispute between two residents in the State of Georgia revolving around statements made in a state court proceeding held in Georgia. The alleged act occurred in Georgia, and the alleged injury also occurred solely within its state boundaries. Indeed, the Court can discern no relationship between this suit or these parties and the District of Columbia whatsoever. As such, given that Plaintiff has offered no evidence to show that this Court has either general or specific jurisdiction over Defendant, and [*17] all available evidence is to the contrary, the Court concludes that not only does it lack subject matter jurisdiction over this suit, it also lacks personal jurisdiction over

Defendant. Accordingly, to the extent that Defendant's Motion to Dismiss moves, pursuant to *Federal Rule of Civil Procedure 12(b)(2)*, for dismissal pursuant to a lack of personal jurisdiction, the Court shall grant Defendant's motion and dismiss this suit.

### IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint. An Order accompanies this Memorandum Opinion.

Date: April 5, 2006

/s/

COLLEEN KOLLAR-KOTELLY

United States District Judge