UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darrell Bauguess )<br>703 Pilot House Drive )<br>Annapolis, MD  21401 )<br>(301) 467-8009 )<br>)<br>and )<br>)<br>Peter T. Lewis )<br>3901 Jenifer Street, NW )<br>Washington, DC  20015 )<br>(202) 277-9500 )<br>)<br>             Plaintiffs, )<br>v. )<br>)<br>Kent S. Foster )<br>2801 McGill Terrace NW )<br>Washington, DC  20008 )<br>(202) 328-6622 )<br>)<br>Lone Star Wireless, Inc. )<br>C/O Kent S. Foster, President )<br>2125 Sidney Baker )<br>Kerrville, TX  78028 )<br>(830) 895-8700 )<br>)<br>and )<br>)<br>American Cellular Corporation )<br>C/o Ronald Ripley, General Counsel )<br> And Senior Vice President )<br>14201 Wireless Way )<br>Oklahoma City, OK  73134 )<br>(405) 529-8500 )<br>)<br>             Defendants. ) | Civil No. 1:06CV01424 (EGS) |

**ANSWER OF DEFENDANT AMERICAN CELLULAR CORPORATION**

Defendant American Cellular Corporation hereby responds to the Complaint in this matter as follows:

### I. Nature of This Action

1. The allegation in paragraph 1 of the Complaint constitutes a description of this action as to which no response is required.

2. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. American admits the allegations in the first sentence of paragraph 3 of the Complaint. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3.

4. American denies the allegations in the first sentence of paragraph 4. With regard to the second sentence of paragraph 4, American admits only that it received certain papers from counsel for plaintiffs described as a settlement agreement between plaintiffs and defendant Kent Foster ("Foster"). With respect to the third sentence of paragraph 4, American admits only that it did not place $1.865 million with Mr. Feldstein at the closing. The remaining allegations in this paragraph are denied.

### II. Parties

5. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. American denies the allegations in the first sentence of paragraph 8. American lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

9. American admits the allegations in paragraph 9.

10. American admits the allegations in paragraph 10 of the Complaint.

### III. Jurisdiction and Venue

11. The statements in paragraph 11 of the Complaint constitute legal conclusions as to which no response is required.

12. The statements in paragraph 12 of the Complaint constitute legal conclusions as to which no response is required. To the extent that a response is required, the allegations are denied.

### IV. Events Requiring Relief

13. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. American admits the allegations in the second sentence of paragraph 16 of the Complaint. American lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

17. With regard to the first sentence in paragraph 17 of the Complaint, American admits only that it received certain papers for counsel for plaintiffs described as a settlement

agreement between plaintiffs and Foster. American admits the allegations in the second and third sentences of this paragraph. American denies the allegations in the fourth, fifth and sixth sentences of this paragraph.

18. American admits the allegations in the first sentence of paragraph 18. With regard to the second sentence of paragraph 18, American denies that there was any "required escrow provision." With regard to the third sentence of this paragraph, American admits that it did not place any funds into escrow for the benefit of plaintiffs, and admits that it did not interplead any funds into the Court's registry.

19. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

## V. <u>Claims For Relief</u>

20. The allegations in paragraphs 20 of the Complaint are not directed against American. Therefore, no response from American is required.

21. The allegations in paragraphs 21 of the Complaint are not directed against American. Therefore, no response from American is required.

22. The allegations in paragraphs 22 of the Complaint are not directed against American. Therefore, no response from American is required.

23. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 of the Complaint. With regard to the allegations in the third sentence of this paragraph, American admits only that it received certain papers from counsel for plaintiffs described as a settlement agreement between plaintiffs and Foster. American denies the allegations in the fourth and fifth sentences of this paragraph.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against American.

### Second Affirmative Defense

The Complaint must be dismissed for failure to join a party needed for a just adjudication of this matter.

### Third Affirmative Defense

To the extent that plaintiffs have incurred any damages, those damages were caused by parties other than American.

AMERICAN CELLULAR CORPORATION

By its Attorneys,

Alan R. Dial (D.C. Bar No. 450278)
King & Spalding, LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4706
(202) 661-7977
(202) 626-3737 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing Answer of Defendant American Cellular Corporation by depositing a copy of the same in the U.S. Mail, first-class, postage-prepaid, and addressed as follows:

> William H. Crispin, Esq.
> Lauren A. Greenberg, Esq.
> CRISPIN & ASSOCIATES, PLLC
> 555 13th Street, NW, Suite 420W
> Washington, DC 20004
>
> Attorney for Defendant
>
> Barry H. Gottfried, Esq.
> Pillsbury Winthrop Shaw Pittman LLP
> 2300 N Street, N.W.
> Washington, DC 20037-1122
> (202) 663-8184
> (202) 663-8007 (facsimile)

_____
Alan R. Dial

This 18th day of August, 2006.