IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARRELL BAUGESS, et al. | ) ) ) | |
| Plaintiffs | ) ) | Case Number: 1:06CV01424 |
| v. | ) ) ) | Judge: Emmet G. Sullivan |
| KENT S. FOSTER, et al. | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER OF LONE STAR WIRELESS, INC.

Defendant Lone Star Wireless, Inc., by its undersigned counsel, as and for its Answer to the Complaint in the captioned case states as follows:

1.    Lone Star states that paragraph 1 of the Complaint contains Plaintiffs' characterization of the Complaint to which no response is required, but insofar as a response is deemed necessary, Lone Star denies the allegations in paragraph 1.

2.    In response to the averments contained in the first sentence of paragraph 2, Lone Star avers that the words "just prior" are too vague and ambiguous to allow Lone Star to a respond and denies the sentence on that basis. In response to the second sentence of paragraph 2 of the Complaint, Lone Star states that the "Term Sheet" attached to the Complaint and allegedly described in paragraph 2 speaks for itself, but insofar as a response is deemed necessary, Lone Star denies the averments in that sentence on that basis. Lone Star lacks knowledge or information sufficient to form a

belief as to the truth of the averments in the third sentence of paragraph 2 of the Complaint.

3. Lone Star admits the allegations in the first sentence of paragraph 3 of the Complaint. In response to the remainder of paragraph 3, Lone Star states that the allegations relate to another defendant, not to Lone Star, and that no response is therefore required by Lone Star; but insofar as a response is deemed necessary, Lone Star denies the allegations in the remainder of paragraph 3.

4. Lone Star denies each and every allegation in paragraph 4 of the Complaint, except that it admits that prior to the Complaint, Plaintiffs' counsel provided Lone Star with the Term Sheet attached to the Complaint.

5. Lone Star admits that Plaintiff Darrell E. Bauguess is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint.

6. Lone Star admits that Plaintiff Peter T. Lewis is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint.

7. Lone Star admits that Plaintiff Lewis Telecom is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint.

8. Lone Star denies the allegation in the first sentence of paragraph 8 of the Complaint. In response to the remainder of paragraph 8, Lone Star admits that Mr. Foster

is a party to the Term Sheet attached to the Complaint and also admits that Mr. Foster owns 100% of Lone Star.

9. Lone Star admits the averments contained in the first sentence of paragraph 9 of the Complaint. In response to the second sentence of that paragraph, Lone Star denies that it was Mr. Foster who assigned the License, states that it was Lone Star that did so and otherwise admits the allegations in that sentence.

10. Lone Star admits the averments in the third sentence of paragraph 10 of the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint.

11. Lone Star states that the averments contained in the first two sentences of paragraph 11 of the Complaint constitute legal conclusions to which no response is required, but insofar as a response is deemed necessary, Lone Star avers that the Complaint fails to state a claim upon which relief can be granted and therefore denies that the Court has jurisdiction over this case. In response to the remainder of paragraph 11, Lone Star states that the allegations relate to another defendant, not to Lone Star, and that no response is therefore required by Lone Star; but insofar as a response is deemed necessary, Lone Star denies the allegations in the remainder of paragraph 11.

12. Lone Star states that the averments contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required, but insofar as a response is deemed necessary, Lone Star avers that the Complaint fails to state a claim upon which relief can be granted and therefore denies that the Court has jurisdiction, denies the allegations in the fourth sentence of paragraph 12 insofar as they relate to Lone

Star, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 12 insofar as they relate to another defendant.

13. Lone Star admits the allegations in the first sentence of Paragraph 13 of the Complaint. In response to the second sentence of that paragraph, Lone Star avers that the words "just prior" are too vague and ambiguous to allow Lone Star to respond and denies the sentence on that basis. In response to the remainder of the paragraph, Lone Star states that the documents referenced speak for themselves and denies the allegations on that basis.

14. Lone Star states that the "Term Sheet" attached to the Complaint and allegedly described in paragraph 14 of the Complaint speaks for itself, but insofar as a response is deemed necessary, Lone Star denies the averments of paragraph 14 on that basis.

15. Lone Star denies each and every allegation in paragraph 15 of the Complaint.

16. Lone Star denies the allegation in the first sentence of paragraph 16 of the Complaint. In response to the second sentence of that paragraph, Lone Star denies that it was Mr. Foster who assigned the License, states that it was Lone Star that did so and otherwise admits the allegations in that sentence. Lone Star denies knowledge or information sufficient to form a belief as to the truth of the averments in the third and fourth sentences of paragraph 16 of the Complaint.

17. Lone Star states that paragraph 17 of the Complaint is a partial and incomplete description of written communications that speak for themselves, and denies the allegations in the paragraph on that basis.

18. Lone Star admits the allegation in the first sentence of paragraph 18 of the Complaint but otherwise denies each and every allegation in that paragraph.

19. Lone Star denies each and every allegation in paragraph 19 of the Complaint.

20. Lone Star states that paragraph 20 of the Complaint relates to the purported conduct of another defendant as to which no response is required by Lone Star. Insofar as a response is deemed required, in response to the first sentence of the paragraph Lone Star realleges and incorporates its responses to paragraph 1 through 19 hereinabove as if more fully stated herein, and Lone Star denies each and every remaining allegation in paragraph 20 except admits that it consummated the assignment on June 28, 2006.

21. Lone Star states that paragraph 21 of the Complaint relates to the purported conduct of another defendant as to which no response is required by Lone Star. Insofar as a response is deemed required, in response to the first sentence of the paragraph Lone Star realleges and incorporates its responses to paragraph 1 through 20 hereinabove as if more fully stated herein, and Lone Star denies each and every remaining allegation in paragraph 21 except admits that it consummated the assignment on June 28, 2006.

22. In response to the first sentence of the paragraph 22 of the Complaint, Lone Star realleges and incorporates its responses to paragraph 1 through 21 hereinabove as if more fully stated herein   Lone Star denies each and every remaining allegation in paragraph 22 except admits that it knew of the existence of the Term Sheet.

23. Lone Star states that paragraph 23 of the Complaint relates to the purported conduct of another defendant as to which no response is required by Lone Star. Insofar as a response is deemed required, in response to the first sentence of the paragraph Lone Star realleges and incorporates its responses to paragraph 1 through 22 hereinabove as if more fully stated herein, and Lone Star denies each and every remaining allegation in paragraph 23 except states that it is without knowledge or information sufficient to form a belief as to the truth of the averment that American Cellular Corporation knew of the existence of the Term Sheet.

No response is required to the averments contained in the Prayer for Relief.  To the extent that a response is required, Lone Star denies that any relief sought by Plaintiffs is warranted or appropriate, sustainable in fact, or available in law.

Insofar as not expressly admitted or qualified herebefore, Lone Star denies each and every allegation in the Complaint.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense and Request to Transfer Venue**

This Court is the improper venue for this case. In any case, the case should be transferred for the convenience of parties and witnesses, and in the interest of justice, to the Southern District of Texas.

**Third Affirmative Defense**

Lone Star's conduct in connection with activities alleged in the Complaint was protected by privilege.

**Fourth Affirmative Defense**

Lone Star's conduct in connection with the activities alleged in the Complaint was protected by the doctrine of justification.

**Fifth Affirmative Defense**

Upon information and belief, the Complaint is barred by the doctrine of fraud.

**Sixth Affirmative Defense**

Upon information and belief, the Complaint is barred by the doctrine of unclean hands.

**Seventh Affirmative Defense**

Upon information and belief, the Term Sheet attached to the Complaint is void as illegal and against public policy.

**Eighth Affirmative Defense**

Plaintiffs have suffered no damages from the alleged activities of defendant Lone Star.

**Ninth Affirmative Defense**

Lone Star reserves the right to include additional defenses to the Complaint as discovery progresses.

WHEREFORE, Lone Star respectfully requests that this Court enter judgment in its favor and award Lone Star its attorneys' fees, costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendant Lone Star demands a jury trial for all claims so triable.

August 18, 2006                                Respectfully Submitted,


/s/_____
Barry H. Gottfried (D.C.Bar No. 246280)
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-8184
Facsimile: (202) 663-8007

barry.gottfried@pillsburylaw.com