IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL BAUGESS, et al. ) | |
| ) | |
| Plaintiffs ) | Case Number: 1:06CV01424 |
| ) | Judge: Emmet G. Sullivan |
| v. ) | |
| ) | |
| KENT S. FOSTER, et al. ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

Defendant American Cellular Corporation ("American") submits this Opposition to the Motion to Remand filed by plaintiffs Darrell Bauguess and Peter T. Lewis (collectively, "Plaintiffs"). As shown below, Plaintiffs' motion should be denied because, whether or not the citizenship of unserved defendant Kent S. Foster ("Foster") is considered, there is complete diversity among the parties. As a result, this Court has original subject-matter jurisdiction, and the Motion to Remand should be denied.

### Factual Background

Defendants American and Lone Star Wireless, Inc. ("Lone Star") timely removed this action from the Superior Court for the District of Columbia on August 11, 2006, pursuant to 28 U.S.C. §§ 1441 and 1446. The notice of removal stated that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Parties.

On or about August 16, 2006, Plaintiffs filed their Motion to Remand. That motion disputes that complete diversity exists between the parties, and asserts that both plaintiff Peter T. Lewis and Foster are residents of the District of Columbia.

As of the filing of this Opposition, it does not appear that defendant Foster has been served with the Complaint.[1]

### Argument

#### I. There Is Complete Diversity Of Citizenship Between The Parties Because The Citizenship Of Foster Should Be Ignored

It does not appear that this Court has addressed the question whether the citizenship of an unserved defendant should be considered for purposes of determining whether complete diversity of citizenship exists among parties to a lawsuit. Courts in other jurisdictions have reached varying conclusions to this question, but at least some courts have held that the citizenship of unserved defendants is irrelevant for purposes of evaluating diversity. See, e.g., Mask v. Chrysler Corp., 825 F. Supp. 285, 289 (D. Ala. 1993)(noting that where plaintiffs have not yet perfected service on defendant, the citizenship of defendant does not defeat removal jurisdiction)(citing Windac Corp. v. Clarke, 530 F. Supp. 812, 813 (D. Neb. 1982) ("…when a defendant has not been served, citizenship in the forum state does not defeat removal jurisdiction.")).

American submits that the approach followed in Mask and Windac – disregarding the citizenship of unserved defendants – should be followed by this Court. When that rule is applied, there is no question that there is complete diversity among the parties.[2] This Court

---

[1] Upon information and belief, defendant Foster is currently undergoing chemotherapy treatments in Texas.
[2] Plaintiffs do not dispute that, when Foster's citizenship is disregarded, complete diversity exists as among the other parties.

therefore has original subject matter jurisdiction under 28 U.S.C. § 1332, and accordingly Plaintiffs' Motion to Remand should be denied.

### II. Even If The Citizenship Of Foster Is Considered, Complete Diversity Exists Because Foster Is A Citizen Of The State Of Texas

Should this Court decide that Foster's citizenship should be considered even though he has not been served, the result is no different: complete diversity exists among the parties, with the result that the requisites of 28 U.S.C. § 1332 are met and the Motion to Remand must be denied. That is because Foster is a citizen of Texas, not the District of Columbia.

The question of domicile is a mixed question of law and fact. Naegele v. Albers, 355 F. Supp. 2d 129, 135 (D.D.C. 2005)(citing Hicks v. Hicks, 80 F. Supp. 219, 220 (D.D.C. 1940)). As this Court has recently noted, there are "a number of generally accepted indicia of domiciliary status." Id. (quoting Wagshal v. Rigler, 947 F. Supp. 10, 13 (D.D.C. 1996)). These "generally accepted indicia" include evidence of the subject person's place of voter registration; state driver's license; and property ownership. Id. Once a party presents to the court substantial indicia of his domiciliary status, the party is entitled to a presumption that he has established a domicile in accordance with that evidence. Id.; see also Prakash v. American Univ., 727 F.2d 1174, 1180 (D.C. Cir. 1984).

Here, American is submitting an abundance of evidence – including evidence relating to the "generally accepted indicia of domiciliary status" – which establishes beyond question that Foster is a citizen of Texas. The Affidavit of Harry Herzog (attached as Exh. A), establishes that Foster resides at 4000 Dryden Road in Port Arthur, Texas. See Exh. A, ¶ 4. In addition, Foster has had a Texas drivers license listing his home at the Port Arthur address since at least 2004. See Exh. B (consisting of PublicData Record/Driver's License Detail). Moreover, Foster has

been a registered voter at the same Texas address since 1982. See Exh. C (consisting of a certified copy of Kent Foster's Voter Registration).

Finally, American is submitting herewith certain District of Columbia tax records pertaining to Foster. These records (attached as Exh. D) provide still further proof that Foster is not a citizen of the District of Columbia. In particular, the tax records indicate that Foster did not claim the property tax Homestead Deduction available to residents of the District of Columbia, and instead paid the higher tax rate applicable to non-residents.[3]

The foregoing evidence leaves no question that Foster is not a citizen of the District of Columbia. Accordingly, even if this Court were to consider his citizenship for purposes of evaluating diversity, there is only one possible conclusion: complete diversity exists, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### III. The Removal Petition Was Proper Even Though Foster Did Not Sign It

As a general rule, all defendants must join in a removal petition. See Kopff v. World Research Group, LLC, 298 F. Supp. 50 (D.D.C. 2003). However, there are well-recognized exceptions to this rule. One exception is where a defendant has not been served. In that case, the unserved defendant need not sign the removal petition. Spill Textile Corp. v. Spilltech Envtl.,

---

[3] In the District of Columbia, the first $60,000.00 of the value of the home may be deducted if it is:

- owner occupied
- primary residence (domicile)

The tax relief benefit to owner occupied/primary residence is a $60,000.00 Homestead deduction. The fact that Kent Foster did not take the Homestead deduction and therefore did not affirmatively claim a District of Columbia domicile is substantiated as follows:

- The current (2006) tax rate for Class 1 Residential is $0.92.
- The current (2006) assessed value of Kent Foster's property at 2801 McGill Trail is $1,324,370.00
- Using the current tax rate ($.92) and the current assessed value ($1,324,370.00), the total tax amount due for the entire year of 2006 without the Homestead deduction is $12,184.20.
- Payments made for the first half of the year total $6,092.10 (exactly half of the total bill without the Homestead deduction), which was due on March 31st. Payment for the second half of the year is due September 15th.

4

Inc., 223 F. Supp. 2d 790, 793 (D. Tex. 2002)(emphasis added).  See also <u>Ott v. Consol. Freightways Corp.</u>, 213 F. Supp. 2d 662, 665 (D. Miss. 2002)(citing In re <u>Bridgestone/Firestone, Inc.</u>, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) ( "section 1441(b) would have precluded removal . . . only if [resident of forum state] had been properly served, and [since] it had not been served at the time the removal petition was filed case was removable"); <u>Maple Leaf Bakery v. Raychem Corp.</u>, 1999 WL 1101326, at *1 (N.D. Ill. 1999) (holding that "the plain language of Section 1441(b) indicates that an action may be removed unless a properly joined and served defendant is a resident of the State in which the action was initiated," and reiterating that "the plain language of § 1441(b), particularly in light of the 1948 amendment inserting the language 'and served', precludes removal on the basis of the presence of resident defendants only when those defendants were properly joined and served at the time of removal"); <u>Recognition Communications, Inc. v. American Automobile Assoc., Inc.</u>, 1998 U.S. Dist. WL 119528, at *3 n.3 (N.D. Tex. 1998) (stating, in dicta, that the presence of a resident defendant did not render the case unremovable, for 'if Plaintiff had served one of the non-resident Defendants, this case would have been properly removed by the served Defendant under Section 1441(b), regardless of the presence of a resident defendant'); <u>Republic Western Ins. Co. v. International Ins</u>. Co., 765 F. Supp 628, 629 (N.D. Cal. 1991) ("a resident defendant who has not been served may be ignored in determining removability") (quoting 14A C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3723, at 341 (2d ed. 1985)).

In sum, the petition for removal signed and filed by American and Lone Star was effective to remove this case, even though Foster, who has not been served, did not also sign.

5

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand should be denied.

AMERICAN CELLULAR CORPORATION

By its Attorneys,

Alan R. Dial (D.C. Bar No. 450278)
King & Spalding, LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
(202) 661-7977
(202) 626-3737 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL BAUGESS, et al. )<br>)<br>         Plaintiffs        )<br>)<br>v.                                )<br>)<br>KENT S. FOSTER, et al.   )<br>)<br>         Defendants.    )<br>_____) | Case Number: 1:06CV01424<br>Judge: Emmet G. Sullivan |

## **ORDER**

Upon consideration of the Motion To Remand of Plaintiffs Darrell Baugess and Peter Lewis, the Oppositions of Defendants thereto, and the entire record herein, it is this _____ day of _____, 2006:

**ORDERED** that Plaintiffs' Motion To Remand is **DENIED**.

_____
Hon. Emmet G. Sullivan
United States District Judge