IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARRELL BAUGUESS, ET AL,** | : |
| Plaintiffs, | : Case No.: 1:06CV01424/EGS |
| v. | : |
| **KENT S. FOSTER, ET AL.** | : **AFFIDAVIT OF HARRY HERZOG** |
| Defendants. | : |

STATE OF TEXAS        )
                      )
COUNTY OF HARRIS      )

I, HARRY HERZOG, being first duly sworn, state as follows:

    My name is Harry Herzog. I'm an attorney in Houston, Texas, where I've practiced law for almost twenty four years. For approximately fifteen years I have been acquainted with Kent Foster. For the last three years, I have represented Concho Cellular Telephone Company, Inc., a company in which Mr. Foster now owns 100% of the stock, in a variety of legal matters.

    Based on my experience with Mr. Foster, conversations with Mr. Foster, representation of Mr. Foster's company, and my earlier work as an adverse party against Mr. Foster, I have become familiar with some of the matters that relate to Mr. Foster, his domicile, his residence, and his citizenship.

    Each of the statements made in this affidavit is true and correct, based upon the knowledge and information that I have gleaned during the preceding fifteen years.

    Kent Foster maintains his principal residence and domicile at 4000 Dryden Road in Port Arthur, Texas. This property is located approximately three miles from my in-laws, whom I have been visiting since 1987. I've previously met with Mr. Foster's sister, Sue, in Mr. Foster's primary residence at 4000 Dryden Road. I also had a brief discussion with his mother at that time. Sue was caring for their mother. When Hurricane Rita struck the Gulf Coast, coming on shore within about ten miles of Mr. Foster's home, I went to the area the next day to assist my in-laws. While there, I went by Mr. Foster's house to check on it, and in particular to check on his mother and sister. His mother was an invalid, living in the home with Mr. Foster's sister taking care of her. I took a pair of swimming trunks with me and was prepared to swim to the home if need be to check on and evacuate them. As it turns out, Mr. Foster was able to evacuate his mother and sister to safe high ground in the Texas hill country before the storm hit.

**EXHIBIT A**

I have discussed Mr. Foster's residence with him before. He has assured me that his drivers license shows an address of 4000 Dryden Road, and that he is registered to vote at 4000 Dryden Road.

I know from the work I've done for Mr. Foster that he owns properties in many places. For example, he owns at least two ranches in the hill country. He owns an apartment in New Orleans, and he owns a home in the Washington, DC area. I found it quite interesting that the property records for the DC home that Mr. Crispin attached to his Motion to Remand reflect a mailing address for Mr. Foster in Port Arthur. It's my understanding that mailing address (One Plaza Square, Suite 204) is an office that he rents from a friend. Mr. Foster has told me that he pays higher non-DC resident property taxes on his DC home to make sure it is clear that he is a Texas resident.

I know from previous discussions with Mr. Foster, and with my in-laws, that Mr. Foster's father built my in-laws' first home. It's my understanding that Mr. Foster's father built my in-laws' first home in either the late 1940's or early 1950's. Mr. Foster, his father, mother, and his sister were all living in the Port Arthur area from sometime before I was born (1957), although I do not know the precise date when they started living there.

Mr. Foster and I have previously discussed that he went to Thomas Jefferson High School, the arch-rival to my wife's school just a few miles away.

When Mr. Foster hired me to represent his company in a complicated arbitration matter pending in DC in 2003, I frequently traveled to the Washington, DC area. During all my travels to the Washington, DC area, I only saw Mr. Foster in Washington, DC one time, in January of 2003. It's my understanding at this time that from then until today, Mr. Foster has spent approximately one or two days in the Washington, DC area. He has spent over one thousand days since then in Texas.

With regard to the allegations that Mr. Foster is evading service in this lawsuit, I can uncategorically state that Mr. Foster is an extremely sick individual, who is currently being treated in the Texas Medical Center. It is my understanding that he is receiving chemotherapy, and has been receiving chemotherapy for almost three years. Each and every time that I've seen Mr. Foster from March of 2003 through the present, it has been in Houston, Texas while he was undergoing medical treatments here, or recovering from the chemotherapy treatments that he received here.

I have attached to this affidavit documents that my secretary pulled from publically available databases in Texas. They reflect Mr. Foster's drivers license and voter registration information. I believe these documents to be accurate and correct. They are certainly consistent with what Mr. Foster has told me in the past, when we considered a Motion to Transfer Venue in another case based upon his domicile, residence, and citizenship in Jefferson County, Texas.

I do not know why an allegation is being made that Mr. Foster is a resident of Washington, DC or domiciled in Washington, DC. The fact that he owns a home there certainly does not make him a resident or domiciliary of that area, based on my understanding of the law.

Further affiant sayeth not.

Signed this the 21st day of August, 2006.

_____
**Harry Herzog**

SWORN TO AND SUBSCRIBED before me on this the 21st day of August, 2006, to certify which witness my hand and seal of office.

DONNA DICKSON
MY COMMISSION EXPIRES
October 17, 2007

_____
Notary Public In and For
The State of Texas