IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darrell Bauguess et al. <br><br> Plaintiffs, <br><br> v. <br><br> Kent S. Foster et al. <br><br> Defendants. | Case No.: 1:06CV01424/ EGS |

### PLAINTIFFS REPLY TO OPPOSITIONS TO MOTION TO REMAND

Defendant American Cellular, joined by Lone Star Wireless, Inc., opposes Plaintiffs' motion to remand principally on the grounds that complete diversity exists because Foster is a citizen of the state of Texas, not the District of Columbia. These defendants did not meet their heavy burden of proving diversity jurisdiction; they did not even provide a declaration from Foster to establish his domicile. Thus, this Court is entitled to draw an adverse inference regarding defendants' claim of complete diversity.

Moreover, American Cellular neglects to apprise the court of a defense relevant to this jurisdictional issue that it raised in its Answer filed two days after the motion to remand – that Plaintiffs failed to join a necessary party. See Answer of American Cellular, Second Affirmative Defense, at 5. But, for its own reasons, American Cellular refused to identify this "necessary" party in its opposition and thus has not met its burden of establishing diversity jurisdiction with regard to this party as well.

Finally, defendants do not address a related case recently filed in Superior Court in the District of Columbia by the law firm that represented Foster in his litigation with plaintiffs eleven years ago (resulting in the settlement agreement central to this lawsuit). Lewis Telecom

Inc. v. Foster, Civil Action No. 92-CA-16295 (D.C. Superior Court 1992)("Lewis Telecom Lawsuit").[1]  Foster's former law firm sued the same three defendants in this matter, alleging identical causes of action including breach of contract and tortious interference.  See Stein Mitchell & Mezines, LLP v. Foster et al., C.A. No. 06-6084 ("Stein Mitchell Lawsuit"), attached hereto at Exhibit 1 at ¶7 and Counts 1, 2, 10, and 12.  Like plaintiffs claim in this case, American Cellular and Lone Star promised Foster's former law firm that it would be paid at the closing and then failed to do so.

Judicial economy favors a remand to Superior Court of the District of Columbia.  Such a ruling would preclude two courts from resolving the same issues for the same three parties defendant.

I.      Defendants Have Not Met Their Burden of Proof to Establish Complete Diversity

For removal purposes, federal courts in this jurisdiction have repeatedly stated that the relevant inquiry for diversity of citizenship is a party's domicile, not residence.  Naegle v. Albers, 355 F.Supp.2d 129, 134 (D.D.C. 2005).  This court has stated that "[w]hile residency is indicative of domicile, it is not determinative; therefore, a 'prolonged absence from one's domicile is not determinative of abandonment.'"  Id. at 134-35.  "'[D]omicile is determined by two factors:  physical presence in a state, and intent to remain there for an unspecified or indefinite period of time.'"  Id.  Evidence of domicile begins with an affidavit from the party whose citizenship is at issue and includes attachments to that affidavit of other reliable indicia of citizenship, such as a driver's license.  Id. at 135.

The defendants, one of which is a company wholly-owned by Foster, did not submit a declaration from Foster attesting to his residence or his intent to remain indefinitely in Texas,

---

[1] Plaintiffs referred the Court to this related case in its Memorandum of Points and Authorities in Support of Motion to Remand at n.1.

2

both of which are critical to the domicile inquiry. Instead, American Cellular attempts to meet its burden by submitting a declaration from a Texas lawyer, Harry Herzog, and he submits no evidence of Foster's intent to remain in Texas. Therefore, Defendants have produced no evidence of Foster's intent to remain in Texas indefinitely. Defendants have not met their burden of proof.

The basis for Mr. Herzog's conclusion that Foster is domiciled in Texas is hearsay. He states that "I have discussed Mr. Foster's residence with him before" and he once met with Foster and his sister at 4000 Dryden Road in Port Arthur Texas. See Herzog Declaration unnumbered paragraphs 5 and 6. There is hearsay evidence to the contrary. Plaintiffs submit a declaration from their process server who went to the very address Mr. Herzog claims to be Foster's residence, 4000 Dryden Rd., Port Arthur, TX, on July 26, 2006. She states that she was greeted by Foster's sister who stated that Foster did not reside there. See Affidavit of Due and Diligent Attempt by Beverly Barraque, attached hereto at Exhibit 2.[2]

In addition to Mr. Herzog's statements, American Cellular also relies on three documents. However, these documents are not authenticated by a witness with first-hand knowledge of their accuracy. Mr. Herzog states that the documents were obtained by his secretary from public records. See Herzog Declaration at unnumbered paragraph 11. His secretary did not sponsor the documents, and Mr. Herzog did not provide the Court with her name. There can be no doubt that Foster has maintained a residence in Washington D.C. for years. Land records from the Washington D.C. Recorder of Deeds indicates that Foster purchased the D.C. residence at 2801 McGill Terrace, N.W., approximately 20 years ago. See Recorder of Deeds record of Deed Transfer, attached hereto at Exhibit 3. Since then, he has used

---

[2] Mr. Herzog states that Foster is not evading service. See Herzog Declaration at unnumbered paragraph 10. But, Mr. Herzog has refused to accept service for Foster as has counsel for Foster's wholly-owned company, Lone Star, who, when asked, stated that Foster could be served at the 4000 Dryden Rd. address.

that D.C. residence to be a registered agent for one of his companies and claimed throughout those years his D.C. residence in scores of documents he filed with the Federal Communications Commission.

Defendants have not flatly stated that Foster was unavailable to submit a declaration. They ask the Court to infer Foster's unavailability from Mr. Herzog's statement that Foster was receiving medical treatment. However, just a month ago, he was well enough to close on a $25 million transaction, a closing where Foster's lawyer was located in Washington D.C. Foster promised plaintiffs and his former law firm eleven years ago that he would pay them the money he owed them from the proceeds of this $25 million transaction.

While Mr. Foster may currently be undergoing treatment for cancer, he has been treated off and on for cancer for a number of years while managing a full life style including both business and social activities.[3] Mr. Herzog called undersigned counsel just a few weeks ago. In an aside, Mr. Herzog talked about how he and Mr. Foster attended tennis tournaments together and that in fact that very weekend he was planning to attend a tennis tournament with Mr. Foster at some undisclosed location.

Because defendants have not established Mr. Foster's unavailability, this Court may draw a negative inference about defendants' claim that he is domiciled in Texas. Townsend v. Washington Metro. Area Transit Authority, 746 F.Supp. 178, 185 (D.D.C. 1990) ("'It is a familiar rule of evidence that a party having control of information bearing upon a disputed issue may be given the burden of bringing it forward and suffering an adverse inference from failure to do so.'").

---

[3] Foster prosecuted a lawsuit in this court from 2003-05, Foster v. Lukas Nace Gutierrez & Sachs, Chartered, Case No. 1:03-cv-02008. And, Foster's holding company, Concho Cellular Telephone Co., Inc. (the company that owns Lone Star), was the debtor in a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland (Greenbelt Division) from 2003-04, In re Concho Cellular Telephone Co., Inc., Case No. 03-32168.

II    <u>Defendants Have Not Met Their Burden of Establishing Federal Jurisdiction As A Result of Their Failure to Identify A Party They Claim Must Be Joined As A Necessary Party Defendant</u>.

Regardless of Foster's citizenship, Defendants have not carried their burden of proving diversity jurisdiction to overcome the strong presumption against removal because they have failed to identify a party they claim to be a necessary defendant in this case.

Two days after Plaintiffs filed their motion to remand, on August 18, Lone Star and American Cellular filed their answers. American Cellular admitted in its answer that it did not place money into escrow "for the benefits of plaintiffs" but denied that it paid the money earmarked for Plaintiffs to Lone Star and Foster, thus leaving to inference that it did place certain funds into escrow somewhere. See Complaint at ¶¶4, 18 and Answer of American Cellular at ¶¶4, 18. American Cellular also alleged in its second affirmative defense that Plaintiffs "fail[ed] to join a party needed for a just adjudication of this matter" but did not disclose the identity of that party. See Answer of American Cellular at p.5.[4]

American Cellular should have identified that necessary party defendant in connection with this motion but failed to do so. For example, if American Cellular claims that the necessary party is the escrow agent identified in the settlement agreement that Foster breached (the basis for this lawsuit) that agent is a citizen of the District of Columbia. Or, if American Cellular claims that the necessary party is the attorney representing Lone Star at the closing, when funds were not placed in escrow for the benefit of plaintiffs as promised, that attorney is a citizen of the District of Columbia. Thus, having failed to disclose the citizenship of the necessary party that

---

[4] Before filing the instant lawsuit, Plaintiffs' counsel demanded from the defendants to see a copy of the sales agreement in which Foster, through Lone Star, sold his cellular system, to determine what rights of plaintiffs had been violated and by whom because the settlement agreement required that Foster include in any agreement to sell the cellular system a provision requiring payment to a specified escrow agent at the closing for the benefit of plaintiffs. Defendants, and specifically American Cellular, refused to provide a copy. See Letter from Ronald L. Ripley to William H. Crispin dated May 4, 2006, attached hereto at Exhibit 4. American Cellular should not now be heard to complain that plaintiffs failed to join a necessary party defendant when it holds the document that likely would disclose the identity of any necessary party and refused to produce it.

American Cellular claims must be joined, defendants have not carried their heavy burden of proving that plaintiffs and all defendants are diverse.

III.     Judicial Economy Supports A Remand

Judicial efficiency warrants a remand, especially when doubts remain as to whether complete diversity exists. Johnson-Brown v. 2200 M Street LLC, 257 F.Supp.2d 175, 177 (D.D.C. 2003) (any doubt about federal jurisdiction resolved in favor of remand).

In the instant lawsuit, Plaintiffs allege that Foster failed to pay them approximately $2 million at the closing on the sale of his cellular system in breach of a settlement agreement he executed eleven years ago to resolve the Lewis Telecom Lawsuit. Two days prior to removal of this action, on August 9, 2006, the lawyers who represented Foster in the Lewis Telecom Lawsuit filed a related case in the Superior Court of the District of Columbia, the Stein Mitchell Lawsuit. The three defendants in this lawsuit are sued on identical legal theories as those asserted against them in the Stein Mitchell Lawsuit. Both cases are actions against Foster, but more importantly, involve identical fact patterns and legal claims against Lone Star and American Cellular. Both complaints allege that Lone Star and American Cellular promised to place sufficient funds in escrow at the closing to pay plaintiffs and both allege that Lone Star and American Cellular breached that promise and tortiously interfered with plaintiffs' agreements with Foster. See Exh. 1 at ¶7 and Counts 1, 2, 10, and 12.

This court has previously addressed the issue of remand based on judicial economy in the context of a motion to join a nondiverse party defendant:

> "Where, as here, an action which concerns fundamental issues of state law was initially filed in state court, could still be maintained in state court, and could survive the joinder of all interested parties, the appropriate solution is to remand to the state court from whence the case arose. This alternative is particularly desirable in the present context of a young case in which discovery has just begun. Judicial efficiency will be promoted if all adverse claims [against the

> same parties] are lodged in a single forum, and adjudicated by a single judge familiar with the governing principles of law. This can be accomplished by a remand."

Fortuin v. Milhorat, 683 F.Supp. 1, 5 (D.D.C. 1988) (remanding case to Superior Court for the District of Columbia).

Here, the case for remand is even more compelling. First, a named defendant, Foster, is alleged to be a citizen of the District of Columbia, and defendants have not established that he is domiciled elsewhere. Second, this court's jurisdiction may be destroyed when a defendant who American Cellular claims must be joined as a necessary party is joined and that party is a citizen of the District of Columbia. Third, both this lawsuit and the Stein Mitchell Lawsuit arise out of defendants' failure to pay the plaintiffs, or place funds into escrow to pay them, at the closing on the sale of a cellular system owned by Foster's wholly-owned company Lone Star to American Cellular.

This case should be remanded so that it can be consolidated in the Superior Court of the District of Columbia to conserve judicial resources and to prevent inconsistent judgments arising out of the same set of facts. Each set of plaintiffs will undoubtedly seek discovery on the sales agreement between Lone Star and American Cellular, the closing, and the failure of the defendants to set aside sufficient proceeds from the sale to satisfy Foster's obligations to them. Each set of plaintiffs will undoubtedly seek to depose Foster, a representative from American Cellular, attorneys involved in the transaction, and other common key witnesses. It would be a waste of judicial time and resources to litigate two matters arising out of the same set of facts and legal theories in two venues with potentially inconsistent rulings. And, it would be a waste of the parties' time and resources to duplicate depositions, discovery requests, and trials.

In sum, Lone Star and American Cellular have not met their heavy burden of proving federal jurisdiction. At minimum, there is considerable uncertainty about diversity of citizenship as a basis for federal jurisdiction. Doubts must be resolved in favor of remand. Moreover, judicial efficiency supports a remand as well.

                          Respectfully submitted,

                          */s/ William H. Crispin*
                          William H. Crispin (D.C. Bar No. 363770)
                          Lauren A. Greenberg (D.C. Bar No. 466846)
                          CRISPIN & ASSOCIATES, PLLC
                          555 13th Street, N.W., Suite 420W
                          Washington, D.C. 20004
                          (202) 828-0152 – phone
                          (202) 828-0155 – facsimile
                          wcrispin@crispinlaw.com - e-mail

September 7, 2006                 Attorneys for Plaintiffs