IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL BAUGESS, et al. | ) |
| Plaintiffs | ) Case Number: 1:06CV01424 |
| v. | ) Judge: Emmet G. Sullivan |
| KENT S. FOSTER, et al. | ) |
| Defendants. | ) |

## ANSWER OF KENT S. FOSTER

Defendant Kent S. Foster ("Foster"), by his undersigned counsel, as and for his Answer to the Complaint in the captioned case states as follows:

1. Foster states that paragraph 1 of the Complaint contains Plaintiffs' characterization of the Complaint to which no response is required, but insofar as a response is deemed necessary, Foster denies the allegations in paragraph 1.

2. In response to the averments contained in the first sentence of paragraph 2, Foster avers that the words "just prior" are too vague and ambiguous to allow him to respond and denies the sentence on that basis. In response to the second sentence of paragraph 2 of the Complaint, Foster states that the "Term Sheet" attached to the Complaint and allegedly described in paragraph 2 speaks for itself, but insofar as a response is deemed necessary, Foster denies the averments in that sentence on that basis.

Foster lacks knowledge or information sufficient to form a belief as to the truth of the averments in the third sentence of paragraph 2 of the Complaint.

3.  Foster admits the allegations in the first sentence of paragraph 3 of the Complaint and denies the allegations in the remainder of paragraph 3.

4.  Foster states that the allegations in paragraph 4 of the Complaint relate to other defendants, not to Foster, and that no response is therefore required by Foster; but insofar as a response is deemed necessary, Foster denies each and every allegation in paragraph 4 of the Complaint, except that he admits that prior to the Complaint, Plaintiffs' counsel provided Lone Star Wireless, Inc. ("Lone Star") with the Term Sheet attached to the Complaint.

5.  Foster admits that Plaintiff Darrell E. Bauguess is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint.

6.  Foster admits that Plaintiff Peter T. Lewis is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint.

7.  Foster admits that Plaintiff Lewis Telecom is a party to the Term Sheet attached to the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint.

8. Foster denies the allegation in the first sentence of paragraph 8 of the Complaint. In response to the remainder of paragraph 8, Foster admits he is a party to the Term Sheet attached to the Complaint and also admits that he owned 100% of Lone Star.

9. Foster admits the averments contained in the first sentence of paragraph 9 of the Complaint. In response to the second sentence of that paragraph, Foster denies that it was he who assigned the License, states that it was Lone Star that did so and otherwise admits the allegations in that sentence.

10. Foster admits the averments in the third sentence of paragraph 10 of the Complaint but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint.

11. Foster states that the averments contained in the first two sentences of paragraph 11 of the Complaint constitute legal conclusions to which no response is required, but insofar as a response is deemed necessary, Foster avers that the Complaint fails to state a claim upon which relief can be granted and therefore denies that the Court has jurisdiction over this case. Foster denies the allegations in the remainder of paragraph 11.

12. Foster states that the averments contained in paragraph 12 of the Complaint relate to other defendants, not to Foster, and also that the averments constitute legal conclusions; no response is therefore required by Foster. Insofar as a response is deemed necessary, Foster avers that the Complaint fails to state a claim upon which relief can be granted and therefore denies that the Court has jurisdiction, denies the allegations in the fourth sentence of paragraph 12 insofar as they relate to Lone Star, and states that

he lacks knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 12 insofar as they relate to American Cellular Corporation.

13.     Foster admits the allegations in the first sentence of Paragraph 13 of the Complaint.  In response to the second sentence of that paragraph, Foster avers that the words "just prior" are too vague and ambiguous to allow him to respond and denies the sentence on that basis. In response to the remainder of the paragraph, Foster states that the documents referenced speak for themselves and denies the allegations on that basis.

14.     Foster states that the "Term Sheet" attached to the Complaint and allegedly described in paragraph 14 of the Complaint speaks for itself, but insofar as a response is deemed necessary, Foster denies the averments of paragraph 14 on that basis.

15.     Foster denies each and every allegation in paragraph 15 of the Complaint.

16.     Foster denies the allegation in the first sentence of paragraph 16 of the Complaint.  In response to the second sentence of that paragraph, Foster denies that it was he who assigned the License, states that it was Lone Star that did so and otherwise admits the allegations in that sentence.   Foster denies knowledge or information sufficient to form a belief as to the truth of the averments in the third sentence of paragraph 16 of the Complaint.  Foster denies the allegations in the fourth sentence of paragraph 16 of the Complaint.

17.     Foster states that paragraph 17 of the Complaint is a partial and incomplete description of written communications that speak for themselves, and denies the allegations in the paragraph on that basis.

18.     Foster admits the allegation in the first sentence of paragraph 18 of the Complaint but otherwise denies each and every allegation in that paragraph.

19.     Foster states that paragraph 19 of the Complaint relates to the purported conduct of Lone Star, not to Foster, and that no response is therefore required by Foster; but insofar as a response is deemed necessary, Foster denies each and every allegation in paragraph 19 of the Complaint.

20.     In response to the first sentence of paragraph 20 of the Complaint, Foster realleges and incorporates his responses to paragraph 1 through 19 hereinabove as if more fully stated herein.  Foster denies each and every remaining allegation in paragraph 20 except admits that Lone Star consummated the assignment on June 28, 2006.

21.     In response to the first sentence of paragraph 21 of the Complaint, Foster realleges and incorporates his responses to paragraph 1 through 20 hereinabove as if more fully stated herein.  Foster denies each and every remaining allegation in paragraph 21 except admits that Lone Star consummated the assignment on June 28, 2006.

22.     Foster states that paragraph 22 of the Complaint relates to the purported conduct of another defendant as to which no response is required by Foster.  Insofar as a response is deemed required, in response to the first sentence of the paragraph Foster realleges and incorporates his responses to paragraph 1 through 21 hereinabove as if

more fully stated herein and Foster denies each and every remaining allegation in paragraph 22 of the Complaint.

23.    Foster states that paragraph 23 of the Complaint relates to the purported conduct of another defendant as to which no response is required by Foster. Insofar as a response is deemed required, in response to the first sentence of the paragraph Foster realleges and incorporates his responses to paragraph 1 through 22 hereinabove as if more fully stated herein, and Foster denies each and every remaining allegation in paragraph 23 except states that he is without knowledge or information sufficient to form a belief as to the truth of the averment that American Cellular Corporation knew of the existence of the Term Sheet.

No response is required to the averments contained in the Prayer for Relief. To the extent that a response is required, Foster denies that any relief sought by Plaintiffs is warranted or appropriate, sustainable in fact, or available in law.

Insofar as not expressly admitted or qualified herebefore, Foster denies each and every allegation in the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks jurisdiction over the person of Foster.

### Third Affirmative Defense

Service of process on Foster was insufficient and Foster has therefore not been served in this case.

### Fourth Affirmative Defense and Request to Transfer Venue

This Court is the improper venue for this case. In any case, the case should be transferred for the convenience of parties and witnesses, and in the interest of justice, to the Eastern District of Texas.

### Fifth Affirmative Defense

Foster's conduct in connection with activities alleged in the Complaint was protected by privilege.

### Sixth Affirmative Defense

Foster's conduct in connection with the activities alleged in the Complaint was protected by the doctrine of justification.

### Seventh Affirmative Defense

Upon information and belief, the Complaint is barred by the doctrine of fraud.

### Eighth Affirmative Defense

Upon information and belief, the Complaint is barred by the doctrine of unclean hands.

### Ninth Affirmative Defense

Upon information and belief, the Term Sheet attached to the Complaint is void as illegal and against public policy.

### Tenth Affirmative Defense

Plaintiffs have suffered no damages from the alleged activities of defendant Foster.

### Eleventh Affirmative Defense

Foster reserves the right to include additional defenses to the Complaint as discovery progresses.

WHEREFORE, Foster respectfully requests that this Court enter judgment in his favor and award him his attorneys' fees, costs, and such other relief as the Court deems just and proper.

### JURY DEMAND

Defendant Foster demands a jury trial for all claims so triable.

September 28, 2006                                          Respectfully Submitted,

/s/_____
Barry H. Gottfried (D.C.Bar No. 246280)
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-8184
Facsimile: (202) 663-8007

barry.gottfried@pillsburylaw.com

Of Counsel:

Harry Herzog
HERZOG, CARP & MCMANUS
7500 San Felipe, Suite 675
Houston, Texas 77063
Telephone: (713) 781-7500
Facsimile: (713) 781-4797